# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 661-1008
                   anne@leelitigation.com

March 7, 2019

**Via ECF**
The Honorable Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   *Ramirez, et al. v. Social 8th Corp d/b/a Social Bar & Grill, et al.*
            Case No.: 18-cv-2061

Dear Judge Wang:

      We are counsel to Named Plaintiff Raul Ramirez and Opt-in Plaintiff Ahmed Ibrahim (a/k/a Mohamed Ibrahim) (collectively, "Plaintiffs")[1]. We write, jointly with counsel to Defendants, to respectfully request that Your Honor approve the settlement and dismiss this action in its entirety. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

    **I.   Legal Standard**

      As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

      This agreement should be approved because: (i) the Settlement Agreement does not contain any confidentiality provision; (ii) the release is narrowly tailored to Plaintiffs' FLSA claims; and (iii) attorneys' fees are 1/3 of the settlement amount, inclusive of costs. Moreover, the settlement was reached with the assistance of an experienced mediator, Martin F. Scheinman. The $24,000 settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation and should be approved.

    **II.   Settlement Between Plaintiffs and Defendants is Objectively Fair,
         Adequate and Reasonable**

*Plaintiffs' Range of Possible Recovery*

---

[1] Opt-in Plaintiffs Nicholas Iraci and Norma Melendez have filed a stipulation of dismissal without prejudice.

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $24,000; $16,000 of which represents the settlement amount to be allocated to Plaintiffs ($15,000 to Plaintiff Ramirez and $1,000 to Plaintiff Ibrahim), in return for the release of their FLSA shaving claims. Plaintiffs are receiving a significant percentage of their total alleged back wages owed under the FLSA, even after the deduction of attorneys' fees (Plaintiff Ramirez – approximately 80%; Plaintiff Ibrahim – approximately 97%). Attached hereto as **Exhibit B** are damage calculations for Plaintiffs' alleged unpaid compensation, which show the back wages calculated to be approximately $19,390 for Plaintiff Ramirez and $1,040 for Plaintiff Ibrahim.

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs as to Defendants' alleged FLSA violations are entirely correct. Defendants contest most of Plaintiffs' allegations and argue that Plaintiffs are owed significantly less, if anything. If Defendants were to succeed at trial in establishing that Plaintiffs were properly paid, Plaintiffs' damages would be significantly reduced, and they would run the significant risk of obtaining less than the payment they are receiving in the settlement.

### *The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

Plaintiffs wish to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Such risk is unnecessary given that Plaintiffs are receiving a significant percentage of their alleged back wages owed on their FLSA claims. In view of this risk, the Parties were able to reach a settlement on Plaintiffs' FLSA claims (which, once *Cheeks* approval is granted, will be dismissed with prejudice), and have stipulated that all other claims brought by Plaintiffs will be dismissed without prejudice.

Plaintiffs believe the amount of $24,000 is a fair result, obtaining a significant percentage of their alleged back wages owed on their FLSA claims, even after the deduction of attorney's fees, while eliminating the risks of trial.

### *The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion*

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive recovery of a significant percentage of their backwages owed on their FLSA claims, plus attorneys' fees, eliminating all liability against Defendants on Plaintiffs' FLSA claims, and eliminating the burdens and costs of trial.

**III. The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $24,000 settlement amount, $8,000 is allocated to attorneys' fees and costs. The $8,000 in legal fees and costs equals 1/3 of the settlement amount, which is routinely approved as attorney's fees in such FLSA matters. Should the Court so require, Plaintiffs' counsel will submit time records supporting their lodestar.

Plaintiffs' counsel's fees and costs of $8,000 is fair and reasonable given the time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing for and attending the initial conference, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and serving Defendants with discovery demands, preparing a stipulation for conditional collective certification, mailing conditional collective certification notice, meeting and conferring with opt-in plaintiffs, meeting and conferring with Defendants' counsel regarding discovery disputes, preparing for and engaging in mediation, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter with prejudice, as to Plaintiff Raul Ramirez and Ahmed Ibrahim's FLSA claims, and that all other claims in the action be dismissed without prejudice.

We thank Your Honor for considering this matter.

Respectfully submitted,

  */s/ Anne Seelig*
Anne Seeilg, Esq.

Encl.