```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
RAUL RAMIREZ, on behalf of himself, FLSA                     :
Collective Plaintiffs and the Class, et al.,                 :
                                                             :   18-CV-2061 (OTW)
                                    Plaintiff,               :
                                                             :   ORDER
            -against-                                        :
                                                             :
SOCIAL 8TH AVE CORP., d/b/a SOCIAL BAR &                     :
GRILL et al.,                                                :
                                                             :
                                    Defendants.              :
                                                             :
-------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff Raul Ramirez brought this action in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for allegedly unpaid overtime premium pay, alleged failure to receive spread of hours premiums, alleged violations of the applicable minimum wage laws, and for Defendants' alleged failure to provide certain statements and notices required by the NYLL. Plaintiff brought this action as a collective and class action. (ECF 1). The parties stipulated to—and the Court approved—a conditional collective certification for all non-exempt employees employed by Defendants at Social Bar and Grill from March 7, 2015 to present. (ECF 68). Notice was provided to the covered employees, three of whom opted into the lawsuit. (ECF 71, 72, 76). The parties submitted their settlement agreement to this Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 89). The settlement agreement covers Named Plaintiff Raul Ramirez and Opt-in Plaintiff Ahmed Ibrahim (a/k/a Mohamed Ibrahim). (ECF 71). Opt-in Plaintiffs Norma Melendez and Nicholas Iraci have filed a stipulation of dismissal without prejudice. (ECF 88). All parties have consented

to my exercising plenary jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 77). For the reasons set forth below, the Court approves the agreement as fair and reasonable.

I. **Background**

Plaintiffs allege that they worked at Defendants' restaurant for varying periods of time between March 2012 until March 2017.

Plaintiff Ramirez alleges that from March 7, 2012 to December 31, 2014, he regularly worked 60 hours per week. Defendants paid him an hourly rate of $9.00, regardless of the number of hours worked. From January 1, 2015 to January 31, 2015, he regularly worked 60 hours per week. Defendants paid him an hourly rate of $14.00, regardless of the number of hours worked. From February 1, 2015 to December 31, 2016, he regularly worked 48 hours per week. Defendants paid him an hourly rate of $14.00, regardless of the number of hours worked.

Plaintiff Ibrahim alleges that he worked at Defendants' restaurant from January 1, 2015 to December 31, 2015 for 20 hours a week at an hourly rate of $20.00. Plaintiff Ibrahim asserts that he is owed $1,040 due to Defendants' practice of time-shaving.

Defendants deny Plaintiffs' allegations. They assert that Plaintiffs are owed significantly less than they are claiming, if anything.

The parties have agreed to resolve the matter for $24,000, inclusive of attorneys' fees and costs, as set forth in the settlement agreement. Plaintiff Ramirez would receive $15,000 and Plaintiff Ibrahim would receive $1,000, in return for the release of their FLSA claims. Plaintiffs' FLSA claims would be dismissed with prejudice, while all other claims would be

dismissed without prejudice. Plaintiffs' counsel would receive $8,000 in fees and costs, representing one-third of the settlement amount.

The parties submitted a joint letter seeking approval of their settlement agreement, explaining in detail the parties' positions, with a description of the method used to calculate the settlement amounts and an explanation of the hours Plaintiffs worked and the wage at which they worked them. (ECF 89).

II. **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The United States Court of Appeals for the Second Circuit has held that, "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

### a. Range of Recovery

First, the settlement awards Plaintiff Ramirez with approximately 80% and Plaintiff Ibrahim with approximately 97% of Plaintiff's asserted unpaid back wages. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

### b. Burden and Expense of Trial

Second, the settlement enables the parties to avoid the burden and expense of presenting their credibility-dependent case to a factfinder and being subject to cross-examination at trial.

### c. Litigation Risk

Third, the settlement will enable the Plaintiffs to avoid the risks of litigation. Plaintiffs face the risk that a factfinder may credit Defendants' witnesses' testimony that, for example, Plaintiffs did not work as many hours as they claim. Thus, whether and how much they would recover at trial is uncertain. *See McMahon v. Olivier Cheng Catering and Events, LLC*, 08-CV-8713, 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3, 2010).

### d. Arm's-Length Negotiation

Fourth, the parties represented that this settlement was reached with the assistance of an experienced mediator, Martin F. Scheinman, and therefore, the settlement is the product of arm's-length bargaining between experienced counsel.

### e. Risk of Fraud or Collusion

Fifth, there is nothing in this record to suggest that the settlement was the product of fraud or collusion. The fact that it was reached with the assistance of an experienced mediator reinforces the settlement's legitimacy. *See Gonzales v 27 W.H. Bake, LLC*, 15-CV-4161, 2018 WL

1918623, at *3 (S.D.N.Y. Apr. 20, 2018); *Khait v. Whirlpool Corp.*, 06-CV-6381, 2009 WL 6490085, at *1 (E.D.N.Y. Oct. 1, 2009).

Additional features of the settlement favor approval. The release is limited to claims based on Plaintiffs' employment up to the date the agreement was signed and is not overbroad. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015). The attorneys' fee award of one-third of the settlement sum is reasonable and in keeping with typical FLSA settlements in this district. *See Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.")

Finally, this agreement also lacks certain objectionable provisions that have doomed other proposed FLSA settlements. For instance, it contains no confidentiality provision, which would contravene the purposes of the FLSA—indeed, the document has already been publicly filed. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016). Further, although the settlement agreement contains a mutual non-disparagement clause, because the clause includes a carve-out for truthful statements about the litigation, it is permissible. *Lopez v. Nights of Cabiria, LLC*, 96 F.Supp.3d 170, 180 n. 65 (S.D.N.Y. 2015) (Kaplan, D.J.); *accord Weng v. T&W Rest., Inc.*, 15 Civ. 8167 (PAE)(BCM), 2016 WL 3566849 at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.).

III. **Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement agreement as fair and reasonable.

**IT IS HEREBY ORDERED THAT** Plaintiff Ramirez's and Plaintiff Ibrahim's FLSA claims are dismissed with prejudice and without costs provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement agreement. Plaintiff Ramirez's and Plaintiff Ibrahim's NYLL claims are dismissed without prejudice. The Court will approve Plaintiff Norma Melendez's and Plaintiff Nicholas Iraci's stipulation of dismissal without prejudice. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

Dated: March 26, 2019
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge